**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBA NOEMI TOBAR-DE ESTEBAN; et al., | No.    18-71020 |
| Petitioners, | Agency Nos.    A208-565-022 |
| v. | A208-565-023 |
| | A208-565-024 |
| | A208-565-025 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

Alba Noemi Tobar-De Esteban seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ)

denying her claims for asylum, withholding of removal, and relief under the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA adopted and affirmed the decision of the IJ without opinion, we review the decision of the IJ as if it were the BIA's. *Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

We uphold the agency's denial of Tobar-De Esteban's claim for asylum under 8 U.S.C. § 1158(b). Substantial evidence supports the agency's determination that Tobar-De Esteban did not suffer past mistreatment rising to the level of persecution. Under our precedent, the mistreatment she identified — that three armed gang members confronted her minor son, demanded money, and threatened to kill his family if he reported the encounter; that she received a note demanding $300 (which she paid), and that her car was vandalized— does not compel the conclusion that she suffered persecution. *See, e.g.*, *Lim v. INS*, 224 F.3d 929, 932–33, 936 (9th Cir. 2000) (holding that a petitioner did not suffer persecution when he appeared on an organization's "death list" and received multiple death threats); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (holding that the record did not compel the conclusion that a petitioner suffered past persecution when assailants threw rocks at his house, attempted to steal his property, detained him at gunpoint, held him in a police station jail cell for four to six hours, and beat him). Because Tobar-De Esteban did not testify that the gang

2

threatened or confronted her in any way after she paid the gang's demand, she did not flee "in the face of an immediate threat." *See Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314 (9th Cir. 2012).

We reject Tobar-De Esteban's contention that the IJ was required to attribute the mistreatment of Tobar-De Esteban's family members to her for purposes of her claim of past persecution. "[A]lthough harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution," a petitioner must show that these events "were part of a pattern of persecution closely tied to [the petitioner]." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citation omitted). The IJ's determination that the incidents involving Tobar-De Esteban's family members were motivated by the gang's established modus operandi of extorting anyone who might be able to pay, without regard for their connection to Tobar-De Esteban, was supported by substantial evidence.[1]

Substantial evidence also supports the IJ's determination that Tobar-De Esteban did not establish a well-founded fear of persecution because she failed to

---

[1] Because the IJ based its determination that Tobar-De Esteban did not establish past persecution on the ground that her past mistreatment did not rise to the level of persecution, we do not address her arguments that her proposed social groups are legitimate, that she is a member of those groups, or that she was persecuted on account of an imputed political opinion, concerning her claim for asylum.

3

show that she would suffer persecution "on account of" her membership in any protected group. *See* 8 U.S.C. § 1101(a)(42); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Tobar-De Esteban testified that many of her neighbors also received extortion demands, and the letters to her father and brother specified that the gang was asking everyone in the neighborhood for money. A "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino*, 622 F.3d at 1016.

We reject Tobar-De Esteban's argument that she demonstrated a change in country conditions in El Salvador that increased her risk of persecution if she returns. As the IJ explained, while country condition reports indicate that El Salvador is particularly dangerous for women, Tobar-De Esteban has not demonstrated that she would face anything other than financially motivated criminal conduct. We also reject Tobar-De Esteban's contention that the IJ improperly made an adverse credibility determination regarding her testimony. The IJ stated that he gave Tobar-De Esteban's testimony full evidentiary weight, and the decision reflects that he considered her claims accordingly.

We uphold the agency's denial of Tobar-De Esteban's claim for withholding of removal under 8 U.S.C. § 1231(b)(3). Substantial evidence supports the IJ's determination that Tobar-De Esteban did not demonstrate that any protected

4

ground would be "a reason" for any mistreatment she might suffer in El Salvador. *See* 8 U.S.C. § 1231(b)(3)(C); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017). As explained above, the record supported the IJ's determination that the gang extorts the general population and does not target Tobar-De Esteban's proposed social groups.[2]

We uphold the agency's denial of Tobar-De Esteban's claim for relief under the CAT. *See* 8 C.F.R. § 208.16(c)(2); *Al-Saher v. INS*, 268 F.3d 1143, 1146–47 (9th Cir. 2001) (as amended). The IJ's determination that Tobar-De Esteban did not establish past torture was supported by substantial evidence. *See* 8 C.F.R. § 208.16(c)(3)(i). "[T]orture is more severe than persecution," *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005), and as explained above, substantial evidence supported the IJ's finding that Tobar-De Esteban did not suffer mistreatment rising to the level of persecution. The IJ's determination that Tobar-De Esteban did not establish a likelihood of future torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" was supported by substantial evidence. *See* 8 C.F.R. § 208.18(a)(1);

---

[2] Because the IJ denied Tobar-De Esteban's withholding of removal claim on the ground that she did not establish the requisite nexus between any mistreatment she might face and any protected ground, we do not address her arguments that her proposed social groups are legitimate or that she is a member of those groups concerning her claim for withholding of removal.

*Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). While the police took no further actions after responding to Tobar-De Esteban's call, Tobar-De Esteban acknowledged that there was no evidence as to the identity of the persons who vandalized her car, and she presented no evidence that the police were involved with the gang. Therefore, the record supported the IJ's determination that the Salvadoran government would not be complicit in any future torture against Tobar-De Esteban. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (affirming denial of petitioner's CAT claim because "Salvadoran law prohibits extrajudicial killings and violence, and there is substantial evidence that the government enforces those laws—albeit imperfectly—against both gang members and rogue police officers").

**PETITION DENIED.**